# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1051
Lower Tribunal No. F19-5015
_____

**Krishna Sukhwa,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before EMAS, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Krishna Sukhwa, appeals from the revocation of his probation and ensuing prison sentence for five counts of aggravated child abuse, in violation of section 827.03(2)(a), Florida Statutes (2019). He contends his due process rights were violated because the pretrial photographic identification procedures utilized by law enforcement were impermissibly suggestive so as to give rise to a substantial likelihood of irreparable misidentification, thereby tainting the subsequent in-court identification. We apply a hybrid standard of review. See Cillo v. State, 849 So. 2d 353, 354 (Fla. 2d DCA 2003) ("When reviewing a motion to suppress, the standard of review for the trial court's application of the law to its factual findings is de novo, but a reviewing court must defer to the factual findings of the trial court that are supported by competent, substantial evidence."). Having considered the record and evidentiary findings in light of the two-part test adopted by the Florida Supreme Court in Grant v. State, 390 So. 2d 341 (Fla. 1980),[1] and the factors set forth in Neil v. Biggers, 409 U.S. 188, 199–200 (1972), and finding no dereliction by the trial court in considering the asserted lack of compliance with section 92.70, Florida Statutes (2022), we discern no error and affirm. In doing so,

---

[1] See also Manson v. Brathwaite, 432 U.S. 98 (1977).

we reiterate the unremarkable adage that a photographic identification procedure is not suggestive "solely because the display [does] not depict persons of the same race or ethnic group."  United States v. Wilson, 787 F.2d 375, 385 (8th Cir. 1986).  Nonetheless, "displaying persons of markedly different race or ethnicity may be unduly suggestive."  Id.

Affirmed.